

| Bayside Office | New Jersey Office | Manhattan Office |
| --- | --- | --- |
| 40-21 Bell Blvd., 2nd Floor | Kim & Bae Building | 45 Rockefeller Plaza, Suite 2000 |
| Bayside, NY 11361 | 2160 North Central Road, 3rd Floor | New York, NY 10111 |
| T. 718.321.0770  F. 718.321.0799 | Fort Lee, NJ 07024 | T. 212.319.6888 |
|  | T. 201.585.2288  F. 201.585.2246 |  |

• Please reply to Bayside Office

October 23, 2019

**VIA ECF and Email (ALCarterNYSDChambers@nysd.uscourts.gov)**
The Honorable Andrew L. Carter, Jr.
United States District Court Southern
District of New York
40 Foley Sqaure, Room 435
New York, NY 10007

      Re:    Seo v. I.P.T Name And Design Inc. et al
              Docket Number: 1:19-cv-02202-ALC-JLC

Dear Judge Carter:

This firm represents the Plaintiff, Hyuk Jin Seo, in the above-referenced matter. We write to respond to several points made by Defendants' counsel in their letter filed on ECF today, October 23, 2019 (Dkt. No. 21).

Absent a Court Order, a Notice of Voluntary Dismissal under Rule 41(a)(1)(A)(i)[1] of the Federal Rules of Civil Procedure is only permissible before the opposing party files "an answer or motion for summary judgment." R. 41(a)(1)(A)(i).  In this case, Defendants appeared and filed an Answer with Affirmative Defenses on May 22, 2019 (Dkt. No. 16).   On this basis alone, the Notice of Voluntary Dismissal is ineffective in disposing of this matter.

Notwithstanding the above, Plaintiff has informed us that he signed the Notice of Voluntary Dismissal because Defendants threatened to bring counterclaims and/or a separate action if this instant wage and hour claim was not dismissed. At the same time, Defendants' counsel had also brought up this potential counterclaim as a bargaining chip for settlement and had counter-offered $20,000.00 to settle all claims between the parties, including this wage and hour dispute. After meeting with Plaintiff, in an email dated September 13, 2019, we informed Defendants' counsel that we did not find merit in the alleged counterclaims and rejected the counter-offer.  Additionally, we requested Defendants' counsel speak with their client and inform them that they are prohibited from directly or indirectly speaking to Plaintiff.  Our request was not complied with as Individual Defendant Eun Chul Shin and others physically escorted Plaintiff to the Courthouse and continued to speak to Plaintiff about this dispute.

---

[1] A Stipulation of Dismissal signed by both parties was not filed pursuant to R. 41(a)(1)(A)(ii) which is cited by Defendants' counsel in their letter.

W W W . K I M B A E . C O M



After speaking with our client, it appears that Defendants had offered our client to cover Plaintiff's attorneys' fees expended thus far in the action. We told our client that such an arrangement would not be possible without the Court's approval pursuant to <u>Cheeks v. Freeport Pancake House Inc.</u>, 796 F.3d 199 (2d Cir. 2015).

We thank Your Honor for your time and attention to this matter.

Very truly yours,

<u>/s/ Farzad Ramin</u>
Farzad Ramin

cc:     Counsel of Record (Via ECF and Email)
       Client (Via First Class Mail)