# LEVIN-EPSTEIN & ASSOCIATES, P.C.

One Penn Plaza • Suite 2527 • New York, New York 10119
T: 212.792-0046 • F: 212.561.7108
E: Joshua@levinepstein.com

October 31, 2019

*Via Electronic Filing*
The Honorable Judge Andrew L. Carter, Jr
U.S. District Court Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:   *Seo v. I.P.T Name And Design Inc. et al*
      **Case No.: 19-cv-02202-ALC-JLC**

Dear Honorable Judge Carter:

This law firm represents Defendants I.P.T Name and Design Inc. (d/b/a Tyche NYC), and Eun Chul Shin (a/k/a Chris Shin a/k/a Diego Shin) (together, the "**Defendants**"), in the above-referenced action. I write in response to the Court's Order [Dckt. No. 23], ordering Defendants to "respond to Plaintiff's claims [including that voluntary dismissal is not effective and], including the claim that Defendants offered to cover Plaintiff's attorneys' fees in exchange for Plaintiff filing a Notice of Voluntary Dismissal..."

Plaintiff's counsel is correct that because an Answer was filed [Dckt. No. 16], Rule 41 of the Federal Rules of Civil Procedure requires "(ii) a stipulation of dismissal signed by all parties who have appeared" or, "in the alternative, an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a).

A stipulation has not been signed by all parties as Defendants never signed and filed a stipulation. Instead, Plaintiff (apparently without his own counsel's knowledge) filed a Notice of Voluntary Dismissal [Dckt. No. 18], which he personally signed and filed with the Clerk's office. Thus, Plaintiff's action may only be dismissed by court order.

Defendants respectfully request a hearing at which Plaintiff is required to personally attend so that the Court can make the determination of whether it is proper to dismiss the case under these circumstances. Among other things, a conflict appears to have arisen between Plaintiff and his counsel in which Plaintiff seeks to dismiss the case and Plaintiff's counsel does not want the case to be dismissed.

As to the other issues raised in Plaintiff's counsel's letter of October 23, 2019 [Dckt. No. 22], the "Procedures of the Mediation Program for the Southern District of New York" prohibit the disclosure of the discussions during mediation. Among other things, Section 2 of these procedures states *inter alia*: "Any communications made exclusively during or for the mediation process shall be confidential except as to the provisions indicated in this section."[1] No provision allows Plaintiff's counsel to disclose the conversations during the mediation (as counsel has disclosed in the Court's order). [Dckt. Nos. 19, 22]. Nor can the undersigned counsel discuss the

---

[1] http://www.nysd.uscourts.gov/docs/mediation/Mediation%20Program%20Procedures.final.2018.pdf

mediation without violating those procedures, which are binding on the parties pursuant to Local Rule 83.9(c)(3).

As previously explained in our letter dated October 23, 2019 (Dkt. No. 21), it is the undersigned's understanding that the parties in the above-referenced action did not consummate a settlement because no consideration was exchanged for the voluntary dismissal.

In sum, Defendants request a hearing at which Plaintiff is ordered to personally attend so that the Court may determine whether an action may be dismissed "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Thank you, in advance, for your time and attention to this matter.

        Respectfully submitted,

        LEVIN-EPSTEIN & ASSOCIATES, P.C.

        By:  */s/ Joshua D. Levin-Epstein*
             Joshua D. Levin-Epstein, Esq.
             1 Penn Plaza, Suite 2527
             New York, New York 10119
             Tel. No.: (212) 792-0046
             Email: Joshua@levinepstein.com
             *Attorneys for Defendants*