USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___2/26/2020___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HYUK JIN SEO, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>-against-<br><br>I.P.T NAME AND DESIGN INC. (d/b/a TYCHE NYC), EUN CHUL SHIN (a/k/a CHRIS SHIN a/k/a DIEGO SHIN), JOHN AND JANE DOES 1-10, and XYZ CORPS 1-10,<br><br>Defendants. | Civil Action Number<br>1:19-cv-02202 (ALC) (JLC) |

**SCHEDULING ORDER**

Having conferred among themselves pursuant to the Federal Rules of Civil Procedure and Your Honor's Individual Practices in Civil Cases and Your Honor's Order dated November 14, 2019 (Dkt. 26), the parties adopt the following statements, directions and agreements:

1. **PARTIES AND COUNSEL FOR CONFERENCE ON 02/26/2020**

**Counsel for Plaintiff:**
Farzad Ramin, Esq.
Law Offices of T. Stephen Song, P.C.
40-21 Bell Blvd., 2nd Floor
Bayside, NY 11361
Tel.: 718-321-0770
Fax: 718-321-0799
framin@stephensong.net

**Counsel for Defendants:**
Joshua Levin-Epstein, Esq.
Jason Mizrahi, Esq.
Levin-Epstein & Associates, P.C.
420 Lexington Avenue, Suite 2525
New York, NY 10170
Telephone: (212) 7920-0048
joshua@levinepstein.com

- 1 -

2. **CONCISE STATEMENT OF THE ISSUES:**

Plaintiffs' Statement of Issues

A.  Wage and Hour Claims

Plaintiff worked for Defendants as a jewelry polisher/welder from 2007 until December of 2018.  Plaintiff commenced this Action on March 11, 2019 (Dkt. 1) and seeks unpaid minimum wages and overtime under both the Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and section 190 et seq. of the New York Labor Law ("NYLL").

B.  Spread of Hours Pay

Plaintiff also seeks "spread of hours pay" for each day he worked over ten (10) hours for a minimum wage rate and the Defendants' failed to compensate Plaintiff for an additional one (1) hour at the basic minimum hourly wage rate pursuant to N.Y. Comp.Codes R. & Regs. tit. 12, § 142–2.4 (Minimum Wage Orders – Miscellaneous Industries and Occupations).

C.  Notice Violations

Plaintiff also seeks The NYLL requires that "every employer shall provide their employees, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer a notice containing information about rates of pay." NYLL § 195(1)(a).

Defendants violated this section by not providing Plaintiff with requisite notice. Because Seo was employed by Defendants both during the pre- and post-amendment periods of the Wage Theft Prevention Act ("WTPA") (April 9, 2011), Seo is entitled to receive such a notice "on or before February first of each subsequent year of the employee's employment with the employer." Accordingly, Defendants violated NYLL § 195(1)(a).

- 2 -

The NYLL requires that all employers must "furnish each employee with a statement with every payment of wages ..." NYLL § 195(3). "For all employees who are not exempt from overtime compensation ... the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." *Id.* During the time that the statute was effective, Plaintiff never received such notice.  Therefore, Defendants violated NYLL § 195(3).

D.  Damages

Plaintiff's Preliminary Damages will be annexed hereto as **Exhibit 1**.

E.  Other Issues

A Certificate of Default has been filed against Defendants on April 24, 2019 (Dkt. 11). Defendants appeared by way of counsel on April 25, 2019. (Dkts. 12 and 13).  A mediation was held on July 9, 2019 wherein the parties decided to continue mediation at a later time when more discovery and documents were exchanged.  While counsel for Plaintiff and Defendant were engaging in settlement talks, Plaintiff was accompanied by Defendant Eun Chul Shin to the Southern District Courthouse and executed a Notice of Voluntary Dismissal.  (Dkt. 18).  After a conference before Judge Carter on November 14, 2019 with the Honorable Andrew L. Carter, Jr., U.S.D.J., the parties were instructed to continue litigating the case.

Defendant's Statement

This is an action under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") brought by one (1) individual against their former employer for alleged violations of federal and state minimum wage, overtime, spread-of-hours and recordkeeping violations.

The individual defendant Mr. Shin owns and operates one small jewelry polishing business in Manhattan where the Plaintiffs worked.  According to the underlying complaint dated March 11, 2019 [Dckt. No. 1] (the "Complaint"), Plaintiff worked at the business as follows:

| Plaintiff | Start | End | Hours per Week |
|---|---|---|---|
| HYUK JIN SEO | 1/1/2007 | 1/1/2019 | 50 |

| Plaintiff | Start | End | Hours per Week | "Credited" Weekly Pay |
|---|---|---|---|---|
| HYUK JIN SEO | 3/1/2013 | 3/1/2015 | 50 | $600.00 |
| | 3/1/2015 | 11/1/2016 | 0 | 0 |
| | 11/1/2016 | 3/1/2018 | 50 | $700.00 |
| | 3/1/2018 | 12/1/2018 | 50 | $800.00 |
| | 12/1/2018 | 1/1/2019 | 50 | $900.00 |

The Complaint alleges the following causes of action:

FIRST:       Unpaid minimum wages under the FLSA;

SECOND:       Unpaid minimum wages under the NYLL;

THIRD:       Unpaid overtime wages under the FLSA;

FOURTH:       Unpaid overtime wages under the NYLL;

FIFTH:       Unpaid spread-of-hours under the NYLL;

SIXTH:       Failure to provide wage notices under the NYLL and Wage Theft Prevention Act;

SEVENTH:       Failure to provide wage statements under the NYLL and Wage Theft Prevention Act;

**I.       Analysis of Plaintiffs' Claims**

*1.   Plaintiffs' Claims for Minimum Wage Violations are Meritless*

Plaintiff asserts a claim for minimum wage violations. *See Complaint* [D.E. 1] at ¶¶ 33-44. This claim is factually unsupportable, and are contradicted by Plaintiff's own admissions.

Assuming Plaintiff chooses to apply the calculation contained in § 142-2.5 of 12 NYCRR 142 (Minimum Wage Order for Miscellaneous Industries and Occupations) – which Defendants dispute applies here – Plaintiff's derived rate of pay according to the allegations in the complaint would be the following:

| Plaintiff | Start | End | Hours per Week | "Credited" Weekly Pay | "Derived" Regular Rate of Pay |
|---|---|---|---|---|---|
| HYUK JIN SEO | 3/1/2013 | 3/1/2015 | 50 | $600.00 | $12.00 |
| | 3/1/2015 | 11/1/2016 | 0 | 0 | - |
| | 11/1/2016 | 3/1/2018 | 50 | $700.00 | $14.00 |
| | 3/1/2018 | 12/1/2018 | 50 | $800.00 | $16.00 |
| | 12/1/2018 | 1/1/2019 | 50 | $900.00 | $18.00 |

These amounts reflect a substantial premium above the prevailing minimum wage in relevant years 2013 ($7.25), 2014 ($8.00), 2015 ($8.75), 2016 ($9.00), 2017 ($11.00), 2018 ($12.00), and 2019 ($13.50).

Even before considering the payroll records, there is no question, then, that Plaintiff was paid an hourly rate equal to or above the prevailing minimum wage for each year employed.

Thus, Plaintiff's claims for minimum wage violations are meritless.

*2. Plaintiff's Wage Note Claim is Meritless*

Plaintiff admits that he was hired before the regulations requiring wage notices went into effect (April 9, 2011). *See Complaint* [D.E. 1] at ¶ 9.

For plaintiffs hired before the WTPA took effect on April 9, 2011, the failure to provide a wage notice upon hiring is insufficient to support a WTPA claim because the Second Circuit Court of Appeals has held that the WTPA does not apply retroactively. *Jian Xin Zhang v. Great Sichuan On 3rd Ave., Inc*., 334 F. Supp. 3d 621, 622 (S.D.N.Y. 2018); *See also Cucu v. 861 Rest. Inc.*, No. 2017 WL 2389694, at *6 (S.D.N.Y. 2017) (*citing Gold v. N.Y. Life Ins*. Co., 730 F.3d 137, 143-44 (2d Cir. 2013).

Thus, Plaintiff's claim for wage notice violations is meaningless.

Separately, a court may exercise discretion in awarding damages for failure to comply with the notice requirements of NYLL § 195(1)(a).

NYLL § 198 sets forth remedies for violations of New York Labor Law. Section 198(1-b) provides:

"If any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."

- 5 -

The use of the word "may" in NYLL § 198(1-b) indicates that recovery of damages under this sub-section is not automatic, particularly in light of the contrasting use of "shall" in Section 198(1-d)1. See Pugh v. Meric. 1:18-cv-03556-DLC, (S.D.N.Y. 2018) at Dckt. No. 107. The exercise of discretion is warranted in this case

    *3. Plaintiff's Overtime Claim is Meritless Because the Parties Had an Understanding that the Weekly Salary Intended to Compensate Plaintiff for Regular Hours and Overtime Hours.*

Under the FLSA, the "regular rate" is determined by "dividing an employee's total remuneration for employment – ***except statutory exclusions*** – in any workweek by the total number of hours actually worked." 29 C.F.R. § 778.109 (emphasis added).  The statutory exclusions to the method of calculation of the straight-time hourly wage calculation under the FLSA are contained in Section 7(g)(3) of the Act. Section 7(g)(3) of the Act provides the following exception from the provisions of Section 7(a):

    (g) No employer shall be deemed to have violated subsection (a) by employing any employee for a workweek in excess of the maximum workweek applicable to such employee under such subsection if*, pursuant to an agreement or understanding arrived at between the employer and the employee before performance of the work, the amount paid to the employee for the number of hours worked*

    * * * * *

    (3) is computed at a rate not less than one and one-half times the rate established by such agreement or understanding as the basic rate to be used in computing overtime compensation thereunder: *Provided*, That the rate so established shall be authorized by regulation by the Secretary of Labor as being substantially equivalent to the average hourly earnings of the employee, exclusive of overtime premiums, in the particular work over a representative period of time; and if (1) the employee's average hourly earnings for the workweek exclusive of payments described in paragraphs (1) through (7) of subsection (e) are not less than the minimum hourly rate required by applicable law, and (ii) extra overtime compensation is properly computed and paid on other forms of additional pay required to be included in computing the regular rate.
29 C.F.R. § 778.400 (emphasis added).

Here, the Parties had an understanding that Plaintiff's weekly pay was intended to cover Plaintiff's straight-time hours and overtime hours worked.

This understanding of the salary arrangement can be inferred from the entire course of the employment history, and will be further established on the testimonial evidence of Plaintiff, the individual Defendant, and Plaintiff's co-workers.

- 6 -

4. *As A Matter of Law, Plaintiffs Are Not Entitled to Spread-of-Hours*

Plaintiff's Fifth Cause of Action pay includes a claim for "spread-of-hours" pay. *See Complaint* [D.E. 1] at ¶¶ 55-58.

Under New York law, an employee who works more than ten hours in day is entitled to be paid one hour's at the basic minimum wage required, known as "spread of hours." However, the Southern District has routinely held that if an employee is paid at a regular hourly wage that is in excess of the applicable minimum wage, as is the case here, the employee is not entitled to a spread-of-hours payment. *See, Zubair v. Entech Engineering P.C.*, 808 F.Supp.2d 592 (S.D.N.Y. 2011) (spread-of-hours claim only applicable to employees being paid minimum wage); and *Espinosa v. The Delgado travel Agency, Inc.* 2007 WL 656271 (S.D.N.Y. 2007) (spread-of-hours pay is not applicable when employee is paid above minimum wage).

Here, the payroll records and the annexed spreadsheet establish that Plaintiff was being paid in excess of the minimum wage during the applicable term. Accordingly, as a matter of law, Plaintiff is not entitled to spread-of-hours.

## II.   Mr. Shin's Chapter 7 Bankruptcy Filing Discharged Any Personal Obligations he May have Had to Plaintiff

Defendant Eun Chul Shin filed a petition for Chapter 7 Bankruptcy in the United States Bankruptcy Court of the Eastern District of New York on September 5, 2017. *See In re. Eun Chul Shin* (1-17-44584-cec).

On February 14, 2018, the Honorable Carla E. Craig entered an Order discharging Mr. Shin and closing the Chapter 7 Bankruptcy. *See In re. Eun Chul Shin* (1-17-44584-cec) [Dckt. No. 10].

Accordingly, any personal debts Mr. Shin may have owed to Plaintiff in the pre-petition period were discharged in the bankruptcy proceeding.

### 3.   Proposed Schedule.

Plaintiff does not anticipate a collective action under the FLSA or class action for the state claims under Rule 23 of the F.R.C.P.

i.  Deadline to move to amend pleadings or join any party: **March 27, 2020**

ii.  Deadline for Document Requests and Interrogatories: Plaintiffs and Defendants have already served Document Demands and Interrogatories: (Responses due **March 13, 2020**).

iii.  Names on non-expert witnesses to be deposed and dates for deposition or timetable: Plaintiff

anticipates deposing Defendant Eun Chul Shin and any fact witnesses identified in Defendants' Initial Disclosures.

Defendants anticipate deposing Plaintiff, and any fact witnesses identified in the parties' Initial Disclosures.

iv.  Deadline for non-expert discovery: **May 15, 2020**

v. A status conference will be held before the undersigned on **May 20, 2020** at **11:00 a.m.** following the completion of fact discovery, at which time the Court will set a deadline for pre-trial motions (or expert discovery, if necessary).

**4.  STATEMENT OF LIMITATIONS ON DISCOVERY**

The parties DO NOT consent to trial by the magistrate judge.

**5.  DISCOVERY ISSUES UNRESOLVED AFTER A GOOD-FAITH EFFORT**

Defendants have promised, and Plaintiff has requested financial information for both the entity and Defendant Eun Chul Shin.  At the outset of this action, Defendants informed Plaintiff that Defendant Eun Chul Shin filed for and received a Discharge from Bankruptcy Court. Plaintiff has repeatedly stated that it will take Defendants' "inability to pay" into consideration, and the parties are in the process of exchanging pertinent information.

**6.  ANTICIPATED FIELDS OF EXPERT TESTIMONY**

Forensic examination on Defendants' proprietary software that Plaintiff allegedly stole in order to start a competing business.

**7.  ANTICIPATED LENGTH OF TRIAL: 2 DAYS**

Plaintiff has requested a jury trial on the face of the Complaint.

**8.  SETTLEMENT DISCUSSIONS**

While Settlement Discussions have been ongoing, thus far they have not been fruitful. The parties, however, believe that after additional fact discovery and the depositions of the parties herein, the parties will be in a much better position to settle this case.

**9.   DISCOVERY**

All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefor not foreseeable as of the date of this Order. "Good cause" as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

**SO ORDERED.**

Dated: February 26, 2020
     New York, New York

                            JAMES L. COTT
                            United States Magistrate Judge